713 So.2d 1036 (1998)
James E. HAWKINS and Ellen Hawkins f/n/a Ellen Shaw, his wife, Appellants,
v.
George R. PIZARRO, M.D., Appellee.
No. 96-2605.
District Court of Appeal of Florida, Third District.
June 10, 1998.
Rehearing Denied August 5, 1998.
*1037 Ford, Domnick, Wolf & Lopez-Albear and Sean C. Domnick, Miami; Barbara Green, for appellants.
Diaz & Morel-Saruski and Ana Morel-Saruski, Coral Gables; Hicks & Anderson and Ila J. Klion and Cindy L. Ebenfeld, Miami, for appellee.
Before NESBITT, COPE and LEVY, JJ.
COPE, Judge.
James E. Hawkins, one of the plaintiffs in this medical malpractice action, appeals the entry of summary judgment for the defendant/appellee George R. Pizzaro, M.D. We affirm.
In May 1994, Pizzaro examined Ellen Shaw and took a blood sample to test for hepatitis C. The laboratory results correctly showed that Shaw had tested positive for hepatitis C, but Pizzaro's office improperly advised Shaw that she had tested negative.
Several months later, Shaw met Hawkins and the two eventually married. Thereafter, the couple decided they would like to have a baby, and Shaw was seen by her gynecologist in that regard in May 1995. As a part of the examination, a blood sample was taken and Shaw was again tested for hepatitis C. This time the test was positive. As a consequence, in August 1995, Shaw contacted Pizzaro and asked him to re-examine her test results. Upon further review, Pizzaro discovered that the laboratory had in fact shown a positive test result. Shortly thereafter, James Hawkins also tested positive for hepatitis C.
Shaw and Hawkins filed this action against Pizzaro claiming medical negligence. Their claim was based on the theory that if Pizarro had correctly communicated the diagnosis to Shaw, then Shaw and Hawkins could have taken steps to prevent the transmission of the disease to Hawkins. Pizzaro moved for summary judgment against Hawkins on the ground that Hawkins was unknown to him at the time of his misreading of the test results and was not an identified third party to whom he could be said to owe a duty of care. Pizzaro did not file any affidavits in support of his motion. In opposition, Hawkins filed an affidavit of Lee A. Fisher, M.D., which stated:
3. It is my opinion, based upon my training and experience, that a physician such as DR. PIZZARO has a continuing duty to inform a patient of proper test results; especially when the test results are positive for a highly contagious disease such as Hepatitis-C. DR. PIZZARO continually breached this duty to inform up to the date that ELLEN HAWKINS learned of the correct test results.
4. It is further my opinion, based upon my training and experience, that it is foreseeable that a single, attractive, thirty-nine year old woman such as ELLEN HAWKINS would be dating and engaging in sexual relations. It is also foreseeable that ELLEN HAWKINS, unaware that she was positive for Hepatitis-C, would pass the disease on to someone with whom she had sexual relations.
The trial court granted Pizarro's motion and Hawkins has appealed.
We conclude that the summary judgment must be affirmed on authority of Pate v. Threlkel, 661 So.2d 278 (Fla.1995). In Pate, *1038 the daughter of a woman who had been treated for a genetically transferable disease and who had herself been diagnosed with the disease filed a complaint against the doctors who had treated the mother for failure to advise the mother of the genetic nature of the disease. The daughter claimed that such advice would have prompted the mother to have her children tested, which in turn would have enabled the daughter to have taken preventative action, and that the daughter's condition would have been curable at that time. In that case, the court stated:
Here, the alleged prevailing standard of care was obviously developed for the benefit of the patient's children as well as the patient. We conclude that when the prevailing standard of care creates a duty that is obviously for the benefit of certain identified third parties and the physician knows of the existence of those third parties, then the physician's duty runs to those third parties.
Id. at 282 (emphasis added).
On review of summary judgment, we must view the record in a light most favorable to Hawkins as the nonmoving party. Holl v. Talcott, 191 So.2d 40, 46 (Fla.1966). Viewed in that light, we must read the amended complaint, its attached affidavit, and the affidavit filed in opposition to the summary judgment motion as stating that hepatitis C is a sexually transmitted disease, that it was so transmitted in this case, and that the duty of a doctor in diagnosing a patient for such a disease includes warning the patient of the possibility of sexual transmission of the disease. Further, Hawkins' pleadings and affidavits must be read as indicating that the purpose of the doctor's duty to warn is to prevent the transmission of the disease to third partiesi.e., it exists specifically for the protection of those third parties because the patient has already contracted the disease.
While plaintiff has made a showing that the duty of care includes a duty intended for the benefit of third parties, Pate requires that it be for the benefit of "certain identified third parties and the physician knows of the existence of those third parties...." 661 So.2d at 282. Here, Shaw herself had not yet met Hawkins at the time of the incorrect diagnosis. As Hawkins was neither identified nor known to the physician, summary judgment was correctly entered.
Affirmed.